UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE PEARSON, | ) |
| Plaintiff, | ) Case No. 18-cv-7068 |
| v. | ) Judge Sharon Johnson Coleman |
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULTATORS LOCAL 17, | ) |
| Defendant. | ) |

**ORDER**

The Court called the case for oral argument on Defendant International Association of Heat and Frost Insulators Local 17's Motion to Dismiss on June 10, 2019. Plaintiff Maurice Pearson did not appear nor contact the Court, even though the Court called the case a second time thirty minutes after the set time. Defendant's Motion to Withdraw Argument [30] and Motion to Dismiss [19] are granted. In light of the Court's order, the Court denies Plaintiff Maurice Pearson's motions for attorney representation [24], [27], and [28] as moot. Civil case is terminated.

**STATEMENT**

Plaintiff Maurice Pearson alleges that in March 2008 he began taking classes as an apprentice insulator at defendant International Association of Heat and Frost Insulators Local 17 ("Local 17"). He began working as an insulator with Local 17 in August 2014. Pearson alleges that Local 17 refused to provide job opportunities to him because he did not accept jobs within the territory limits. Pearson alleges that he was unable to complete a job in Aurora due to trouble with his car radiator, but Local 17 refused to accept Pearson's car issues as a legitimate reason for not showing up for work.

1

Pearson further alleges a variety of mistreatment by various managers within Local 17 from 2008 to 2014. First, Pearson asserts that Local 17 refused to allow him to gain the necessary work credit hours required for a promotion from apprentice to journeyman. Next, Pearson alleges that Local 17 business managers failed to respond when Pearson reported that a foreman was harassing him at a job location. Pearson further alleges that Tim Keane informed him in March 2018 that he must retake and pass the fourth year exam or he would have to exit the apprentice program. Pearson alleges that he experienced obstacles setting up test preparation and that the apprentice teacher discriminated against Pearson when he took the fourth year test the first time by giving answers to some members of the class, but not to Pearson.

Pearson filed a Complaint in October 2018 against Local 17, alleging two counts of discrimination on the basis of race in violation of the Illinois Human Rights Act ("IHRA"). Local 17 moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Local 17 argues that the Court does not have subject matter jurisdiction over this case because Pearson has not alleged a claim arising under federal law and diversity of citizenship does not exist between the parties. Although Pearson has filed a brief opposing Local 17's motion, he does not respond to Local 17's jurisdictional arguments. Therefore, Pearson concedes that his claims against should be dismissed. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

The Court must dismiss any action for which it lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). As the party asserting jurisdiction, plaintiff has the burden of establishing it under Rule 12(b)(1). *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). When considering Rules 12(b)(1) and 12(b)(6) motions to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). Pro se motions, particularly, should be construed liberally. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). However, "even

pro se litigants must follow rules of civil procedure." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). To survive a 12(b)(6) motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Lavalais*, 734 F.3d at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Federal district courts are "courts of limited jurisdiction." *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015). This Court has subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction. Original "federal question" jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Diversity" jurisdiction exists over all civil actions in which two requirements are met. First, there must be complete diversity of citizenship between all named plaintiffs and all named defendants. *See* 28 U.S.C. § 1332(a); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen"). Second, the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Seventh Circuit requires "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam).

Here, Pearson asserts that this Court has federal question jurisdiction pursuant to two federal statutes, 28 U.S.C. § 1338 and 15 U.S.C. § 1121. 28 U.S.C. § 1338 generally outlines federal court exclusive jurisdiction over matters relating to patents, copyrights, and trademarks. 15 U.S.C. § 1121, commonly known as the Lanham Act, is the primary federal law governing trademarks. Pearson, however, alleges that Local 17 discriminated against him in violation of the IHRA, which is

3

an Illinois state provision that provides a comprehensive scheme of remedies and administrative procedures to redress alleged human rights violations. *See* 775 ILCS 5/2-101, *et seq.* These employment allegations bear no relationship to either of the federal statutes alleged by Pearson to support jurisdiction.

Further, Pearson's amended civil cover sheet indicates that federal question jurisdiction exists under 18 U.S.C. § 245, which outlines certain civil rights violations under the federal criminal code. As a private citizen, Pearson has no standing to initiate a criminal prosecution. *See Bilal v. Wolf*, No. 06 C 6978, 2009 WL 1871676, at *7 (N.D. Ill. June 25, 2009) (Hart, J.). Thus, the allegations in the Complaint do not outline a federal cause of action.

Moreover, diversity jurisdiction is not present because Pearson and Local 17 are both citizens of Illinois. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Because this Court does not have subject matter jurisdiction over this matter, the Court does not address Local 17's alternative Rule 12(b)(6) arguments for dismissal.

Without jurisdiction, this case cannot continue before this Court. Consequently, Local 17's Motion to Dismiss [19] is granted, and Plaintiff's Complaint is dismissed. In light of the Court's order, the Court denies Pearson's motions for attorney representation [24], [27], and [28] as moot.

IT IS SO ORDERED.

Date: 6/10/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge